43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert D. ACORD, Plaintiff-Appellant,
v.
Robert BROWN, former director of the Michigan Department of
Corrections, et al., Defendants-Appellees.
 No. 93-2083.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.
 
 
 1
 PER CURIAM. Plaintiff, Elbert D. Acord, appeals the district court's adverse summary judgment decision resulting in the dismissal of his civil rights claim under 42 U.S.C. Sec. 1983. For the reasons stated hereafter, we affirm the decision of the district court.
 
 I.
 
 2
 From 1983 to 1991, Acord was incarcerated at the State Prison of Southern Michigan and the Kinross Correctional Facility (KCF), also in Michigan. He filed a complaint on June 12, 1990, alleging that various prison officials[1] deprived him of his civil rights under 42 U.S.C. Sec. 1983 by failing to treat his eye with a prescriptive medicine called "IDU" for his herpes virus infection within 24 hours of its becoming active and by forcing him to wear shoes that were too small. Acord claims that the inadequate treatment he received constituted cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 3
 When he was admitted to the State Prison of Southern Michigan on March 5, 1983, Acord had a medical examination, which disclosed that he had herpes virus of the right eye, but the virus was not active. He allegedly told the examining physician that his eye had been treated with IDU in the past and that he needed IDU immediately when the eye infection became active. On April 15, 1983, Acord was examined by an optometrist who found the virus to be inactive and noted that IDU should be used within 24 hours if the lesion activated. On June 30, 1983, Acord was again seen by an optometrist. This time the optometrist found the virus to be active. He prescribed Vira A for Acord and arranged for him to be seen by an ophthalmologist. On July 5, 1983, an ophthalmologist examined Acord and prescribed the same Vira A treatment.
 
 
 4
 On June 27, 1986, Acord was transferred to KCF. The medical records reveal that Acord received treatment several times during his stay at KCF, including treatments in June, August, November and December of 1986 and other times from December 1986 through June 1990.
 
 
 5
 Sometime in May or June of 1986, Acord voluntarily traded shoes with another inmate. He claims that both inmates wore size 12 shoes. The shoes that Acord gave the other inmate did not fit Acord, so Acord gave the other inmate his shoes. However, the other inmate's shoes were also too small for Acord. He claims that the shoes caused his feet to swell to the point that he could not remove the shoes from his feet. He had to wear the shoes for thirty days, even while he slept, because nobody would help him remove the shoes. Finally, when transferred to KCF, he obtained relief when a guard cut the shoes off his feet. Acord claims that the tight shoes caused his feet to swell and bleed.
 
 II.
 
 6
 Review of a district court's grant of summary judgment is de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 7
 In the context of the instant case, a Sec. 1983 violation based on the Eighth Amendment's prohibition against cruel and unusual punishment is demonstrated when prison officials act with deliberate indifference to prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner. Id. at 106. Neither negligent medical care nor delay in medical care constitutes a violation of the Eighth Amendment unless there has been deliberate indifference, which results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993). Similarly, a Sec. 1983 claim based on the Eighth Amendment is not present when a doctor disagrees with the professional judgment of another doctor, as there are several ways to treat illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990). Furthermore, a dispute over the adequacy of medical treatment received sounds in state tort law rather than federal constitutional law. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 8
 In this case, Acord's pleadings fail to show deliberate indifference on the part of the defendants to his serious medical needs. In essence, Acord is dissatisfied with the medical treatment he received while in the care of the Michigan prison system. He does not deny that he received medical care. Instead, he alleges that the care was neither proper nor timely. The medical records reveal that Acord was treated often while in prison. He alleges that he should have received IDU within 24 hours of his herpes virus becoming active. However, the medical records indicate that he was given prompt and appropriate care when his virus became active. The fact that the examining physicians and medical personnel did not follow the notation of an earlier physician, who recommended treatment with IDU within 24 hours of activation of his virus, does not mean that Acord has a claim under Sec. 1983 for cruel and unusual punishment in violation of the Eighth Amendment. Medical personnel may disagree on their methods of treatment without giving rise to a federal constitutional claim. White, 897 F.2d at 110. Further, to the extent Acord's claim is based upon a difference in opinion between himself and prison medical staff about the adequacy of medical treatment, the claim does not amount to deliberate indifference. Westlake, 537 F.2d at 860 n. 5.
 
 
 9
 In regard to his claim concerning his tight-fitting shoes, the claim was properly summarily dismissed because he has not shown that the named defendants were personally involved in the events giving rise to his complaint. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Acord voluntarily traded shoes with another inmate for a pair that did not fit. None of the defendants was involved with Acord's wearing the wrong-sized shoes. Therefore, the defendants are not liable for any damage that Acord suffered. Bellamy, 729 F.2d at 421.
 
 
 10
 Based upon the foregoing, the district court was correct in granting summary judgment to the defendants.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The defendants-appellees in this action are Robert Brown, former director of the Michigan Department of Corrections; Robert LeCureux, warden at KCF; John Prelesnik, former warden of the Reception and Guidance Center; Donald Baker, a physician at KCF; and Michael Kennerly, a physician's assistant at KCF