IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40296
Conference Calendar
_____

HOWARD LEE BARNES,

                                        Plaintiff-Appellant,

versus

JONATHAN R. GRAVES, Guard, Michael Unit; DUWAYNE A. BERDING,
Sergeant, Michael Unit; ERIC M. DUNN, Guard, Michael Unit; JOE E.
BOWSER, Guard, Michael Unit; SHARON A. HOFFMAN, Nurse, Michael
Unit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-880
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Texas prisoner Howard Lee Barnes, No. 647284, appeals the

magistrate judge's dismissal[**] of his complaint on the basis that

it lacked an arguable legal basis.

     The magistrate judge found that defendants Jonathan Graves,

Duwayne Berding, Joe Bowser, and Sharon Hoffman had not been

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**] The parties proceeded before the magistrate judge
pursuant to 28 U.S.C. § 636(c).

deliberately indifferent to Barnes' serious medical need and that Barnes did not suffer substantial harm as the result of defendant Eric Dunn's indifference to Barnes' medical problem, because Dunn's dereliction resulted in only a two-hour delay in medical treatment. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Barnes does not dispute the magistrate judge's determination that defendants Graves, Berding, Bowser, and Hoffman were not deliberately indifferent to his serious medical need. Thus, he has failed to show that the dismissal of the complaint as to those defendants was an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). However, Barnes argues that his complaint should be reinstated because he suffered a hearing loss due to an alleged two-week delay in medical treatment. As Barnes does not dispute that defendant Dunn delayed his medical treatment by only two hours, not two weeks, he has failed to show that the magistrate judge abused her discretion by dismissing the complaint as to defendant Dunn.

AFFIRMED.