IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40588
Summary Calendar

_____

ALPHONSO SMITH,

Plaintiff-Appellant,

versus

STEVEN WILLIAMS, Sergeant, Coffield Unit; ALL DEFENDANTS;
K. McCANN; T. HANDSBOROUAH; S. SANCHEZ; C. SLATER;
K. MILLER; C.E. SMITH; UPSHAW; JOSPHEN PRICE; H.C. BRYANT;
JOHN EASTON; BERNIE L. BUSH,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-490
---------------------
April 14, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alphonso Smith, Texas prisoner #621036, appeals from the dismissal of his civil rights action as frivolous. Smith contends that the defendants were deliberately indifferent to his serious medical condition because they worked him beyond his medical limitations and that he did not receive due process at a disciplinary hearing presided over by one of the defendants. Because he failed to file objections to the magistrate judge's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

report, Smith's contentions are reviewed under the plain-error standard. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

The record indicates that the defendants may have been negligent, slow to acknowledge that Smith was being worked beyond his medical restrictions, not that they were deliberately indifferent to those restrictions. The district court did not commit plain error by dismissing Smith's deliberate-indifference claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

It is unclear which of the hearings presided over by Officer Bernie Bush formed the basis of Smith's claim against him. Regarding the October 7, 1996, hearing, the restrictions placed on Smith at that hearing did not impose atypical hardships on Smith in relation to the ordinary incidents of prison life. Smith therefore failed to allege any due process violation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Regarding the November 5, 1996, hearing, Smith was punished in part with a loss of good-conduct time, and he has failed to have that hearing invalidated. He has no civil rights cause of action regarding that hearing. *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

AFFIRMED.