IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60059
(Summary Calendar)
_____

DONALD O'BRYANT,

Plaintiff-Appellant,

versus

ROBERT CULPEPPER; JOHN DONNELLY; LARRY HARDY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:98-CV-220-BN)
--------------------
May 4, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Donald O'Bryant has appealed the district court's judgment dismissing his civil rights complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). We review such a dismissal under the same de novo standard as we employ when reviewing dismissals under Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). We therefore "must assume that all of the plaintiff's factual allegations are true. The district court's dismissal may be upheld, only if it appears that no relief could be granted under any set of facts that could

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be proven consistent with the allegations." <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir. 1998) (internal quotation marks and citation omitted).

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. <u>Id.</u> at 105-06. Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). Mere unsuccessful medical treatment, negligence, or medical malpractice are insufficient to constitute deliberate indifference in and of themselves. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

"[P]rison work requirements which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitute cruel and unusual punishment." <u>Howard v. King</u>, 707 F.2d 215, 219 (5th Cir. 1983). Work that is not cruel and unusual per se may nevertheless violate the Eighth Amendment if prison officials are aware that it will "significantly aggravate" a prisoner's serious medical condition.

2

Jackson, 864 F.2d at 1246.  Alone, however, purely negligent assignment to work that is beyond the prisoner's physical abilities is not unconstitutional.  Id.

Although deliberate indifference may be established by showing the delay or denial of appropriate medical care or through the unnecessary infliction of pain, Estelle, 429 U.S. at 104, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Although O'Bryant was injured on a Saturday and did not receive treatment until the following Thursday, he cannot show that the delay in treating his injury caused substantial harm.

O'Bryant was allowed a "lay-in" following his injury during which he was not required to work for at least four weeks.  He indicates that defendant Dr. Robert Culpepper refused to give him an additional lay-in after the initial four-week lay-in and treated the condition with pain medication only.  These allegations state a negligence claim only and do not establish that Dr. Culpepper was deliberately indifferent to O'Bryant's medical condition.  Claims against defendants Larry Hardy and John Donnelly, Jr. are waived because O'Bryant failed to brief them on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Contentions that the magistrate judge misstated O'Bryant's factual allegations and erred in refusing to permit him to consult his notes during the Spears hearing are unavailing,  see Spears v.

3

McCotter, 766 F.2d 179 (5th Cir. 1985).  There was no reversible error.  Convinced that "no relief could be granted under any set of facts that could be proven consistent with the allegations," see Bradley, 157 F.3d at 1025, we affirm the district court's judgment in all respects.

AFFIRMED.