**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-60325
Summary Calendar
_____

REGINALD GALLAGHER,

Plaintiff-Appellant,

versus

DONALD MCKELVEY; HINES; THOMAS;
COLL; RUSSELL; JOHN TORRES;
BUCHANNAN; HOLLAND; MUHAMMAD;
GLEN-RAY; STEVE BITHER; YUSUFF;
SMITH,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:98-CV-189-BrS
- - - - - - - - - -
February 28, 2002

Before JOLLY, DAVIS and STEWART, Circuit Judges:

PER CURIAM:[*]

Reginald Gallagher, federal prisoner # 20174-001, appeals the district court's dismissal of his

civil rights complaint pursuant to 42 U.S.C. § 1985(3) and Bivens v. Six Unknown Named Agents

of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to state a claim. Gallagher argues that

he adequately stated claims for inadequate medical treatment, conspiracy, and retaliation.

Gallagher alleged in his complaint that he had a leg operation due to an unspecified medical

condition, that it was determined that he would need another operation, but that he was treated with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medicine instead. On appeal, he asserts that he has received the operation but that he has been denied recommended postoperative treatment. He alleged in conclusional terms that the delay in medical care caused him to suffer and endangered his health.

Gallagher's disagreement with his medical treatment and the alleged delay in receiving such treatment, along with his failure to specify how this caused him substantial harm, are insufficient to state a constitutional violation. See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Because his assertion that he is receiving inadequate postoperative treatment was not raised before the district court, we do not consider it here. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Given the inadequacy of his allegations of the denial of medical treatment, Gallagher also has failed to state a conspiracy claim based on this treatment. See 42 U.S.C. § 1985(3).

On appeal, Gallagher argues for the first time that his transfer to an upper level cell, despite a medical recommendation that he be housed on a lower level, was done in retaliation for his filing administrative grievances. Because Gallagher did not raise this issue below, we do not consider it here. See Leverette, 183 F.3d at 342. Gallagher has abandoned his additional claims of retaliation and his assertion of price fixing by failing to brief these issues on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.