# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-40549
Summary Calendar

---

MALTIE HARTFIELD,

Plaintiff-Appellant,

versus

FRANCIS CHERIAN, DR.;
R. L. BEHRNS, DR.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-317

---

March 22, 2002

Before JOLLY, JONES and STEWART, Circuit Judges:

PER CURIAM:[*]

Maltie Hartfield, Texas prisoner # 625348, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a

claim. *See* 28 U.S.C. § 1915(e). Hartfield argues that the district court erred when it concluded that

he failed to state a claim for deliberate indifference to a serious medical condition. He also argues

that the district court erred when it concluded that he failed to state a claim of retaliation.

Hartfield's allegations that Dr. Behrns and Dr. Cherian were deliberately indifferent fail to

state a cognizable § 1983 claim because he alleges, at best, mere negligence. *See Mendoza v.

Lynaugh*, 989 F.2d 191, 193, 195 (5th Cir. 1993). He has not alleged that any delay in being referred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Dr. Behrns to a specialist was caused by deliberate indifference. *Id.* With regard to treatment by Dr. Cherian, Hartfield merely disagrees with the diagnosis and adequacy of treatment, which is insufficient to state a constitutional claim. *See Estelle v. Gamble*, 429 U.S.. 97, 106-07 (1976).

Hartfield also has failed to state a constitutional claim for retaliation. He has alleged only a "personal belief" that he was transferred to a different prison unit in retaliation for his complaints about medical treatment. A mere personal belief that he is the victim of retaliation is inadequate to state a § 1983 claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Hartfield's appeal has no arguable basis in law or fact; therefore, it is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal under 28 U.S.C. § 1915 counts as a strike against Hartfield. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal counts as another strike. *Id.* If Hartfield accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

DISMISSED; SANCTIONS WARNING ISSUED.