IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40769
Summary Calendar
_____

ANDREW MONTELONGO, JR.,

Plaintiff-Appellant,

versus

UNIDENTIFIED CRAWFORD, Doctor, Hodge
Unit; HODGE UNIT, Medical Staff;
UNIDENTIFIED WILLIAMS, Warden, Hodge Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-59
--------------------
May 21, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Andrew Montelongo, Jr., Texas prisoner # 588641, appeals the

lower court's dismissal of his 42 U.S.C. § 1983 complaint under

28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  He contends that he has

shown that Dr. Crawford was deliberately indifferent to his

serious medical needs because Montelongo did not obtain a

magnetic resonance imaging (MRI) of his back until 21 months

after his injury.  Montelongo has failed to show that Crawford's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

actions constituted deliberate indifference to his serious medical needs or that substantial harm resulted from the delay in treatment. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

Montelongo also asserts that the magistrate judge prematurely dismissed his case without providing him with an opportunity to explain his claims further. As the magistrate judge conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), Montelongo had such an opportunity. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Montelongo has failed to assert on appeal that the magistrate judge erred in dismissing his claims against Nurse Williams and Warden Williams. Issues that are not briefed on appeal are deemed abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).

Montelongo has failed to show that the district court erred in dismissing his civil rights lawsuit. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Consequently, the judgment of the magistrate judge is AFFIRMED.

Montelongo has also requested appointment of counsel. He has failed to show that exceptional circumstances warranting such an appointment exist. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The motion is DENIED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.