IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10553
Conference Calendar
_____


BRIAN D. MCQUEEN,

                                        Plaintiff-Appellant,

versus

CARTER KARR, M.D., Individually;
ROMALEE BARBAREE; WILLIAM E.
GONZALEZ, M.D.; LANNETTE LINTHICUM, Dr.;
ROCHELLE MCKINNEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-390
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Brian D. McQueen, Texas prisoner # 631997, appeals the 28
U.S.C. § 1997e(c)(1) dismissal as frivolous and for failure to
state a claim of his 42 U.S.C. § 1983 civil rights lawsuit
asserting deliberate indifference to his serious medical needs,
specifically, his need for dental care.  The district court's

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal is reviewed <u>de</u> <u>novo</u>. <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>see</u> <u>Reeves v. Collins</u>, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying <u>Farmer</u> to a denial-of-medical-care claim).

A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993). A prisoner's disagreement with his medical treatment is not sufficient to state a claim under § 1983. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

The district court did not err in dismissing McQueen's suit as frivolous or for failure to state a claim. The facts alleged in the complaint do not establish the denial of medical treatment but, as the district court determined, reveal only McQueen's dissatisfaction with the treatment offered him, extraction of his injured teeth versus more expensive restorative treatment, which

is insufficient to state a claim under § 1983.  See id.  McQueen has no right to the treatment of his choice.  Cf. id.  Moreover, the complaint makes clear that McQueen's failure to receive the more expensive treatment is due to his own neglect and inability to care for his teeth, not to any deliberate indifference by the defendants.

To the extent that McQueen contends that he suffered a delay in treatment between August 1999 and January 2000, his claim fails because he has not alleged any resulting harm.  See Mendoza, 989 F.2d at 195.  Additionally, his own allegations establish that he was warned at his first visit in June 1999 that he would receive no further treatment until enough time had passed to enable the dental department to determine whether his injured teeth would be viable or die.  McQueen's contention that prison officials were somehow deliberately indifferent to his medical needs by failing to advise him that extraction was an alternative treatment option until August 2000 is without merit given that he has never chosen to avail himself of that option.

Inasmuch as McQueen contends that he continues to suffer pain, the district court correctly determined that his suffering is the result of his own actions, the inability to pass the plaque index test and his choice to decline the offered alternative treatment of extraction.  McQueen has abandoned any challenge to the finding that his pain is the result of his own choice by failing to brief it.  See Brinkmann v. Dallas County

Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

McQueen's appeal is without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  McQueen is CAUTIONED that the pursuit of any future frivolous appeals may result in the imposition of sanctions.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.