United States Court of Appeals,

Fifth Circuit.

No. 92-4533.

Raymundo R. MENDOZA, Plaintiff-Appellant,

v.

James A. LYNAUGH, Director, Texas Department of Criminal Justice, et al., Defendants-Appellees.

April 28, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before, REYNALDO G. GARZA, WILLIAMS and JONES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

The appellant, Raymundo R. Mendoza ("Mendoza"), is a Texas state prisoner. Proceeding *pro se* and *in forma pauperis,* Mendoza filed an action under 42 U.S.C. § 1983, arguing that his civil rights were violated. The basis of his contentions, which were rooted in his Eighth Amendment right to be free from cruel and unusual punishment, were threefold: (i) that he had allegedly received negligent medical treatment; (ii) that prison officials had delayed essential medical treatment that he badly needed; and (iii) certain disciplinary actions were unjustly imposed upon him for his refusal to work. The district court dismissed the prisoner's claims as frivolous under 28 U.S.C. § 1915(d). Further, the court sanctioned Mendoza under rule 11, requiring him to obtain permission from Chief Judge Robert M. Parker in order to file any suits in the future. We AFFIRM the dismissal of the prisoner's claims under section 1915(d). However, we VACATE the sanction imposed as an abuse of discretion under the facts and circumstances of this case.

FACTS

On March 14, 1980, Mendoza suffered injuries to his cervical and thoracic spine at the Retrieve Unit. Since 1980, his injuries have been treated by various medical personnel provided by the prison. Mendoza alleges that the medical services that were provided to him were negligently performed. On October 23, 1980, Mendoza filed a civil rights claim that alleged substantially the same allegations as currently asserted. Subsequently, all of the plaintiff's civil rights claims were

dismissed.

The instant case was filed on May 23, 1991. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3), for findings of fact, conclusions of law, and a proposed disposition of the case. On August 7, 1991, the magistrate conducted a *Spears*[1] hearing in order to weight the plaintiff's allegations. Subsequently, on January 17, 1992, the magistrate issued a report and recommendation.

The court noted that the statute of limitations in Texas for section 1983 claims is two years. *See Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir.1990); *Burrell v. Newsome,* 883 F.2d 416, 419 (5th Cir.1989). Further, accrual begins when the plaintiff has knowledge of the injury that forms the basis of the action. *Burrell,* 883 F.2d at 418. Therefore, the court found that the vast majority of the plaintiff's claims were time barred because they occurred well before 1989.[2] Moreover, the court concluded that the claims arising before 1989 had no basis in law or fact and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). *See Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989).[3]

The court then focused on the plaintiff's allegations regarding medical treatment that occurred within the two year time horizon. Mendoza testified at the *Spears* hearing that on or about August 26, 1990, he needed physical therapy and medical treatment because he had a fractured spine. Mendoza's claims stem from the alleged delay of his transfer to a unit where physical therapy was available. He was in fact transferred to the Beto I Unit on July 9, 1991.

The court reasoned that indifference to a prisoner's serious medical needs constitutes an actionable Eighth Amendment violation under Section 1983. *See Estelle v. Gamble,* 429 U.S. 97,

---

[1]*Spears v. McCotter,* 766 F.2d 179, 182 (5th Cir.1985).

[2]The date of receipt of the complaint governs the time of filing for limitations purposes; therefore, the court held that any claims arising before May 9, 1989, were time barred. *See Martin v. Demma,* 831 F.2d 69, 71 (5th Cir.1987).

[3]Section 1915(d) dismissal is warranted only if the court is satisfied that: (i) the realistic chance of ultimate success is slight; or (ii) the claim has no arguable basis in law and fact. *See Wilson,* 878 F.2d at 849 (*citing Pugh,* 875 F.2d at 438).

105-07, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Jackson v. Cain,* 864 F.2d 1235, 1244 (5th Cir.1989). However, in order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference, which results in harm. *See, e.g., Wesson v. Oglesby,* 910 F.2d 278, 284 (5th Cir.1990) (delay must constitute "deliberate indifference"); *see also Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) (delay must result in "substantial harm"). Furthermore, the Section 1983 plaintiff must show that the defendants had a sufficiently culpable state of mind. *See Wilson v. Seiter,* --- U.S. ----, ----, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (at a minimum prisoner must allege deliberate indifference to serious medical needs).

The court noted that the medical services that were rendered to Mendoza did not meet any of the above requirements. From medical records the court found that Mendoza received ongoing medical treatment for his back problems. In August of 1989, Dr. Naik recommended that Mendoza should receive a more comfortable brace than the one that he was currently utilizing. The new brace was made available to Mendoza on March 28, 1991. Further, Mendoza was in fact transferred to the Beta I Unit for physical therapy on July 9, 1991.

The court concluded that the plaintiff failed to establish: (i) deliberate indifference on the part of any of the defendants; and (ii) any resulting substantial harm occasioned by the delay. Further, the court found that plaintiff really complained of negligent treatment. Indeed, Mendoza uses the word "negligent" throughout his briefs. It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action. *See Thomas v. Kipperman,* 846 F.2d 1009, 1011 (5th Cir.1988); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir.1979). Consequently, the court concluded that Mendoza's negligence claim lacked any basis in light of well established section 1983 jurisprudence.

Plaintiff also alleged that he had been subjected to disciplinary actions for his refusal to work in the garment factory. Further, he alleges that his physical condition prevents him from engaging in any labor and his assignment to the garment factory represents "deliberate indifference" by the defendants. To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute

deliberate indifference.  *See Jackson,* 864 F.2d at 1246.

The court found that the prison officials had placed Mendoza in an appropriate work classification that took into account his physical ailments.[4]  Additionally, Mendoza had refused to work on the ground that he might have been required to perform work that would aggravate his injuries.  The court found these claims to be without an adequate basis in law or fact.  Consequently, Mendoza's contentions with regard to the discipline he received were dismissed as frivolous.

After the *Spears* hearing, the magistrate recommended that all of the plaintiff's claims be dismissed as frivolous, and also imposed sanctions against Mendoza.  The court found that Mendoza knew that negligent medical treatment was not an actionable section 1983 violation.  The court reasoned that because the plaintiff had waged a second suit based on the same frivolous allegations as he had alleged in his 1980 suit, he had abused the court system.  In effort to prevent such abuse in the future the magistrate, pursuant to Rule 11, recommended that the plaintiff be required to obtain permission from Chief Judge Robert M. Parker in order to file any claims in the future.  Mendoza appealed to the district court.

The district court reviewed the magistrate's report and recommendation.  The magistrate's findings were adopted and the court found that all of Mendoza's claims were to be properly dismissed as frivolous.  Additionally, the court found that the proposed sanction was appropriate and wholly adopted the magistrate's report and recommendation.  Mendoza again appeals.

## DISCUSSION

On appeal, we are confronted with the following issues:  (i) did the district court err in dismissing appellant's *pro se* allegations as frivolous;  and (ii) did the district court abuse its discretion by imposing rule 11 sanctions for waging a frivolous suit, and if sanctions were warranted, then were the sanctions imposed appropriate under the circumstances.

---

[4]Prison inmates can be required to work.  *See Moody v. Baker,* 857 F.2d 256, 257 (5th Cir.) (per curiam), *cert. denied,* 488 U.S. 985, 109 S.Ct. 540, 102 L.Ed.2d 570 (1988).  A work assignment alone does not rise to a constitutional violation. Id. (*citing Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)).  Further, the refusal to work presents a threat to the orderly administration of the prison system and unjustified refusal is rightly answered with sanctions or discipline.

We find that the district court correctly determined that the plaintiff's allegations were frivolous. Further, we find the imposition of some sanctions may have been warranted. However, we find that the district court abused its discretion because the sanctions that it imposed were too strenuous. Thus, we affirm the section 1915(d) dismissal; however, we vacate the sanction as imposed by the district court.

*i. Dismissal of Pro Se Allegations.*

The plaintiff's allegations were broken down into three categories by the district court: (a) claims of negligent medical treatment arising prior to May 9, 1989, which were time barred by the two-year statute of limitations; (b) claims of delayed medical treatment arising after May 9, 1989, which were not found to constitute an actionable section 1983 claim; and (c) claims that disciplinary actions imposed for his refusal to work in the garment factory violated his civil rights. The district court forwarded well reasoned dispositions of the above allegations. In the end, the court found that none of the claims had an adequate basis in law or fact and summarily dismissed them as frivolous.

On appeal, Mendoza raises redundant allegations, which boil down to the above three categories. The district court properly found that Mendoza's claims were frivolous under 28 U.S.C. § 1915(d). This court has held that dismissal of an *in forma pauperis* suit as frivolous under section 1915(d) is appropriate when: (i) the claim's realistic chance of success is slight; or (ii) the claim has no arguable basis in law or fact. *See Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989). Moreover, while district courts have broad discretion in determining whether a complaint is frivolous under section 1915(d), this case did not impose great factual or credibility questions. *See Cay v. Estelle,* 789 F.2d 318, 326 (5th Cir.1986); *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

Essentially, the court below accepted Mendoza's contentions as true, and nevertheless concluded that the facts as alleged were insufficient to support a valid section 1983 action. The standards set out for dismissal of *in forma pauperis* suits has been adequately set out by *Wilson* and *Pugh.* The court below faithfully executed its duty to construe the *pro se* pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). In fact, they credited Mendoza with the benefit of the doubt and stated "[t]his court accepts those facts alleged

by Plaintiff."

Succinctly stated, negligent medical care does not constitute a valid section 1983 claim. Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm. Neither of these crucial elements has been established even when construing the facts favorably to the appellant. Moreover, the appellant's contention that he was justified in refusing to work was properly dismissed as frivolous because prisoners can be required to work, in the absence of deliberate indifference toward their physical condition. Additionally, the prison adequately accounted for Mendoza's physical condition when assigning his work detail. Therefo re, the court below properly dismissed appellant's *in forma pauperis* claims as frivolous under section 1915(d).

 *ii. Propriety of Rule 11 Sanctions and Analysis of the Sanction Imposed.*

The court below held that appellant's frivolous actions warranted enjoining him from filing future suits without the express consent of Chief Judge Robert M. Parker of the Eastern District of Texas. We note as a threshold matter that our review of a district court's sanctions against vexatious or harassing litigants is conducted under the abuse of discretion standard. *See Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 872 (5th Cir.1988) (en banc); *see also Gelabert v. Lynaugh,* 894 F.2d 746, 747 (5th Cir.1990) (per curiam) (applying abuse of discretion standard to review sanctions imposed upon *pro se* litigant proceeding *in forma pauperis* ). Significantly, this is not the first instance that we have had occasion to enjoin paupers from filing frivolous claims and appeals. *See, e.g., Green v. Carlson,* 649 F.2d 285, 287 (5th Cir.Unit A) (per curiam) (petitioner therein had filed over 500 cases in state and federal court and court enjoined future *in forma pauperis* suits unless such complaints specifically alleged constitutional deprivation), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981). "The imposition of a sanction without a prior warning is generally to be avoided." *Moody,* 857 F.2d at 258. Further, in most of the *pro se* cases in this Circuit, litigants have wreaked much greater havoc on the judicial system without incurring sanctions as onerous as the sanctions handed down below.

For example, in *Moody,* the Texas state prisoner filed his 24th civil rights action. *See id.* at

257. The appellant therein alleged: (i) that he was ordered to work despite physical disability; and (ii) the work order was retaliatory in nature for past complaints. Moody's claims were found to be frivolous and Moody was barred from further appeals until he paid the amounts owing from prior costs that were taxed against him.

In *Lay v. Anderson,* 837 F.2d 231 (5th Cir.1988) (per curiam), the prisoner had filed "at least half a dozen" habeas corpus petitions and "several" civil rights cases. *Id.* at 232. The court noted that the claims made were frivolous under section 1915. The court required that the prisoner pay $105 in costs before he would be able to prosecute any other appeal *in forma pauperis.* In doing so, the court noted that "[w]e have expressly warned Lay that his litigiousness must be controlled." *Id.* at 233.

In *McAfee v. 5th Circuit Judges,* 884 F.2d 221 (5th Cir.1989) (per curiam), *cert. denied,* 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990), the petitioner had filed at least ten civil rights cases in the district courts. *See id.* 884 F.2d at 223. Seven of the suits had been dismissed as frivolous and sanctions had been imposed in amounts ranging from $10 to $25. *Id.* The court held that the imposition of a $30 sanction was not an abuse of discretion. *See id.* Significantly, the court explained that $30 was appropriate sanction because lower amounts had not curbed the petitioner's problem of overzealous litigation. *See id.* The *McAfee* court also forewarned the petitioner that further frivolous appeals "w[ould] result in substantial sanctions." *Id.*

In *Mayfield v. Collins,* 918 F.2d 560 (5th Cir.1990), the petitioner, a Texas state prisoner, filed his 38th civil rights complaint. *Id.* at 561. The court found that his claims were frivolous under section 1915(d).[5] Judge Politz reasoned that due to the severe burden Mayfield had imposed on the judicial system a sanction was in order. Therefore, *Mayfield* held that in the future the court "shall decline to accept and file any civil rights complaint submitted *pro se* by [appellant] unless the complaint ha[d] been presented first to a judge of this court, or to a district judge, who had specifically authorized the filing." *Id.* at 562.

---

[5]In so noting, the court stated "In his 38th attempt Mayfield raises no valid, justiciable issue." *Id.* 918 F.2d at 562.

One final facet in the analysis that must be considered when analyzing the district court's decision to sanction a litigant arises from its duty to "impose the least severe sanction adequate." *Akin v. Q-L Invs., Inc.,* 959 F.2d 521, 535 (5th Cir.1992). Therefore, a roadmap would appear to start out with the threshold question: did this litigant deserve to be sanctioned. The short answer would appear to be that some sanction might have been appropriate. Clearly, rule 11 does provide the district court with the discretion to fashion a remedy when faced with a frivolous litigant.

The problem herein stems from the severity of the sanction handed down to a "second-time offender." Indeed, *Mayfield* imposed the most stringent sanction upon a *pro se* litigant, when it required permission to file suit had to be obtained from any Fifth Circuit or district judge. However, Mayfield had filed 38 suits, while Mendoza has waged only two. To be sure, Green surely imposed a much greater burden on the judicial system with over 500 suits, yet he received what in the end turned out to be a "heightened pleading requirement." *See Green,* 649 F.2d at 287.

Surely, when gauged by the amount of suits filed, in all of the previous cases the litigants were much more abusive of the judicial system than Mendoza has been to date. Therefore, if they are the benchmark against which to measure the exercise of discretion—then the punishment appears to exceed the crime. Consequently, we find that the sanction imposed was an abuse of discretion.

Our finding that there was an abuse of discretion emanates from a number of considerations. First, there was no prior warning given to Mendoza that his actions could result in sanctions at all—much less such severe sanctions. Second, when gauged by Fifth Circuit jurisprudence this sanction exceeds the bounds of discretion. Third, and perhaps most persuasively, under *Akin* the court must impose the least severe sanction adequate. Surely, the appellant does not appear to pose the same threat as some of the distinguished recreational litigants previously referred to. Finally, Mendoza has now had the adequate warning alluded to in *Moody,* and should he file another frivolous claim in the future, then adequate grounds to assess a severe sanction would be present.

## CONCLUSION

In short, the court below properly disposed of the prisoner's case under section 1915(d). However, the rule 11 sanctions imposed were too strict and constituted an abuse of discretion.

Therefore, we AFFIRM the dismissal of all of the petitioner's claims. However, we VACATE the sanction imposed below and REMAND for a less onerous rule 11 sanction consonant with the foregoing reasoning.