IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11275
Summary Calendar

_____

MARVIN R. ANSLEY,

Plaintiff-Appellant,

versus

HUBE JEAN-LOUIS ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-68-BA
- - - - - - - - - -
April 7, 1997

Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marvin Ansley (#675445), a state prisoner, has moved for leave to proceed in forma pauperis in this appeal from the partial dismissal of his civil rights complaint as frivolous. He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal.  The motion for leave to appeal IFP is GRANTED.

Because the balance in Ansley's prison trust account, at the time he filed his notice of appeal was $0.00, no initial partial filing fee is required.  See 28 U.S.C. § 1915(b)(4).  Ansley

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

shall make monthly payments of twenty percent of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of Ansley is directed to forward payments from his prisoner account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee of $105 is paid. See id.

Ansley contends that the magistrate judge abused his discretion in dismissing his claims against Nurses Gray, Maxwell, and Doe as frivolous. We have reviewed the record, the magistrate judge's order, and Ansley's brief, and hold that the magistrate judge did not abuse his discretion in determining that Ansley's allegations were insufficient to show deliberate indifference. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). There is no reason to believe that Ansley could cure the defects in his pleading through amendment.

Ansley has failed to brief any issue with respect to the dismissal of defendants Dr. Jean-Louis in his official capacity and B. Prewitt. Those claims are abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Ansley states that he wishes to assert claims against Corrections Officers Ortega and McKinnon. Because Ansley has not yet moved for leave to amend his complaint to state claims against Ortega and McKinnon, the issue is premature and has not been considered.

Ansley's appeal is without arguable merit and, thus,

frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

Ansley is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. Ansley is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.