# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-30314
Summary Calendar
_____

EUGENE McKNIGHT,

                                        Plaintiff-Appellant,

versus

PATRICK J. CANULETTE; ET AL.,

                                        Defendants,

JAMIE MULKEY; STEVEN CHAISSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2498-S
--------------------
May 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Eugene McKnight, Louisiana prisoner #183825, appeals from the judgment for the defendants in his civil rights action. McKnight contends that Deputy Jamie Mulkey and Deputy Steven Chaisson were deliberately indifferent to his serious medical needs when he was a pretrial detainee at the St. Tammany Parish, Louisiana, jail and that the magistrate judge erred by allowing admission of evidence of his criminal convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The magistrate judge's findings that Deputy Chaisson was not present when McKnight slipped on the stairs at the jail and that McKnight failed to inform Deputy Mulkey of his injury are not clearly erroneous. Moreover, McKnight's own testimony indicated that he notified medical personnel of his injuries through a medical request form shortly after his accident and that he persisted in seeking attention from nurses. Once McKnight made his plight known to the medical staff, he did not need the deputies to seek care for him. The magistrate judge did not err by determining that Deputies Chaisson and Mulkey were not deliberately indifferent to McKnight's serious medical needs. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)(en banc); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

McKnight did not object to being questioned about his convictions, and no extrinsic evidence of the convictions was admitted into evidence. His contention regarding admission of evidence about the convictions is reviewed under the plain-error standard. *United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). Because the evidence at the bench trial in McKnight's case supported the rejection of McKnight's deliberate-indifference claim, McKnight has failed to demonstrate error, plain or otherwise, regarding his testimony about his previous convictions. *See Southern Pac. Transp. Co. v. Chabert*, 973 F.2d 441, 448 (5th Cir. 1992).

**AFFIRMED.**