IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50763
Summary Calendar

_____

JOSEPH C. PALMISANO,

                                    Plaintiff-Appellant,

versus

R.V. FRANCO, Warden; J. GARBOW,
Associate Warden - Federal Correctional
Institute La Tuna; SARRANO, Dr., Head of
Medical Services - Federal Correctional
Institute La Tuna,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-307-H
--------------------
June 21, 2001

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Joseph C. Palmisano, federal prisoner #03712-082, appeals

the summary-judgment dismissal of his civil rights action filed

pursuant to Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388 (1971).  He also seeks to file

a supplemental reply brief.  Palmisano's motion to file a

supplemental reply brief is GRANTED.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In his complaint, Palmisano alleged that the appellees were deliberately indifferent to his medical needs when they failed to provide timely and adequate medical care and when they exposed him to environmental tobacco smoke. He also averred that the appellees retaliated against him for attempting to obtain copies of his medical records in order to challenge the conditions of his confinement and for pursuing administrative remedies and violated the Due Process Clause of the Fifth Amendment on the basis of race by forcing him to live under a Mexican culture, which included being served primarily Mexican food.

Palmisano has not raised or briefed any issues relating to his claim of retaliation or the denial of due process on appeal. Thus, Palmisano has abandoned the claims on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court, in granting summary judgment in favor of the appellees, determined that the appellees were not deliberately indifferent to Palmisano's medical needs and were otherwise entitled to qualified immunity. This court reviews a grant of summary judgment de novo. Abbott v. Equity Group, 2 F.3d 613, 618 (5th Cir. 1993).

We have reviewed the briefs and the record on appeal and conclude that the district court did not err in granting summary judgment in favor of the appellees. The summary-judgment evidence revealed that Palmisano was under almost constant treatment for his heart condition during the 10 months he was incarcerated at FCI La Tuna. Palmisano was seen by the medical staff 32 times; 16 of those occasions related specifically to his

heart condition. Palmisano was extensively monitored and treated with medication. The Bureau of Prisons' staff furthermore accommodated Palmisano, such as assigning him to a lower bunk and to a non-smoking section of the dormitory. A prisoner's disagreement with the medical treatment simply does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

To the extent that Palmisano's argument is that there was a delay in referring him to a specialist, although a delay in medical care can constitute an Eighth Amendment violation only if there has been deliberate indifference that results in substantial harm, in the instant case, there was no delay in treatment. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). The record was replete with evidence of constant and extensive monitoring of Palmisano's medical condition. Moreover, disagreement with the timing of medical services provided cannot support a Bivens claim. Id. at 193.

To the extent that Palmisano avers that he was injured because of his need for immediate catheterization, the records showed that within a month of receiving the cardiologist's recommendation that Palmisano should undergo a catheterization, he underwent the recommended procedure. Moreover, upon Palmisano's arrival at FMC Fort Worth on February 6, 1997, he refused to undergo a balloon angioplasty and refused treatment by the attending physician.

With regard to Palmisano's claim that the appellees were deliberately indifferent to his serious medical needs when they

exposed him to environmental tobacco smoke, the Supreme Court has held that the exposure of inmates, with deliberate indifference, to unreasonably high levels of environmental tobacco smoke while incarcerated states a cause of action under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 35 (1993). In order to maintain his action, however, the inmate must satisfy both the objective and subjective elements of an Eighth Amendment violation. Id. Subjectively, the inmate must prove that the prison authorities have been deliberately indifferent to the harm of environmental tobacco smoke. Id.

The district court properly held that Palmisano failed to produce sufficient evidence that demonstrated that Serrano was personally involved in any decisions regarding environmental tobacco smoke; that Garbow had actual knowledge with respect to the levels of environmental tobacco smoke to which Palmisano alleged he was exposed; or that Franco knew that environmental tobacco smoke posed a serious danger to Palmisano and that he acted unreasonably in light of Palmisano's constitutional rights.

Palmisano avers that the appellees had a duty of care under 18 U.S.C. § 4042, which declares the general responsibilities of the Bureau of Prisons. Even if it is assumed that 18 U.S.C. § 4042 provides for a private cause of action, see Harper v. Williford, 96 F.3d 1526, 1527 (D.C. 1996); Chincello v. Fenton, 805 F.2d 126, 134 (3d Cir. 1986)(the statute was not intended to assign any specific responsibility to the Director of the Bureau of Prisons personally or to create a private right of action), as discussed above, the summary-judgment evidence shows that the appellees' actions were objectively reasonable under the

circumstances.  Given the forgoing, the judgment of the district court is AFFIRMED.