**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20163**
**Summary Calendar**
_____

**IVO NABELEK,**

**Plaintiff-Appellant,**

**versus**

**WAYNE SCOTT, Director, Texas Department of Criminal**
**Justice; GARY JOHNSON, Director, Texas Department of**
**Criminal Justice; JAMES ZELLER, Senior Warden,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CV-3396)**

July 30, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* (IFP), Ivo Nabelek, Texas prisoner # 669748, appeals the dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), of his civil rights complaint brought pursuant to 42 U.S.C. § 1983.

The district court did *not* abuse its discretion by dismissing as frivolous Nabelek's involuntary-servitude claim and related *ex post facto* challenge. *See **Ali v. Johnson**,* No. 00-10777, 2001 WL ___ (5th Cir. 11 July 2001); *see also **Lynce v. Mathis**,* 519 U.S. 433,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

441 (1997). The district court's failure to specifically address Nabelek's passing reference to a cruel-and-unusual-punishment aspect of his involuntary-servitude claim is harmless, as prison work assignments alone do *not* violate the Eighth Amendment. *See* **Mendoza v. Lynaugh**, 989 F.2d 191, 195 (5th Cir. 1993). Finally, the district court did *not* err by denying Nabelek's motion for a preliminary injunction and his request that payment of the appellate filing fee be deferred until after this court addressed the merits of his appeal. *See* **Lakedreams v. Taylor**, 932 F.2d 1103, 1107 (5th Cir. 1991); 28 U.S.C. § 1915(b)(1).

Having considered these and the numerous related issues raised, we conclude there is *no* reversible error.

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See* **Adepegba v. Hammons**, 103 F.3d 383, 387 (5th Cir. 1996). Nabelek is **WARNED** that if he accumulates three strikes, he may *not* proceed IFP in any civil action or appeal while he is incarcerated of detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

*AFFIRMED; SANCTIONS WARNING ISSUED*