**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-50210
Summary Calendar

SHERMAN WILSON,

Plaintiff-Appellant,

versus

LIEUTENANT STROUPE; ET AL.,

Defendants,

LIEUTENANT STROUPE; SERGEANT MAREZ,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-372-SC
---------------------------------------------------------
January 24, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Sherman Wilson appeals the judgment rendered against him after a jury trial on his excessive-

force claim and the summary-judgment dismissal of his claim that he was denied medical care. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that jury Interrogatory No. 1 was improper in light of Lieutenant Stroupe's stipulation that no force was necessary. Wilson further asserts that the magistrate judge erred in dismissing his denial-of-medical-care claim because the defendants were deliberately indifferent to his serious medical needs.

In Hudson v. McMillian, 503 U.S. 1, 6-7 (1992), the Supreme Court "h[e]ld that *whenever* prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . : whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (emphasis added). The jury interrogatory at issue tracks this specific language from Hudson. Because the jury interrogatory contains the "core judicial inquiry" under Hudson for an excessive-force claim, Wilson fails to demonstrate that the magistrate judge abused his discretion in formulating the jury interrogatory. See Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 404 (5th Cir. 2000).

The magistrate judge properly dismissed Wilson's denial-of-medical-care claim based on his findings that Wilson admitted receiving medical treatment two hours after he experienced the chest pains; that the medical records indicated that Wilson was offered an EKG but declined the treatment; and that Wilson failed to describe how he was harmed by the alleged delay in treatment. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Wilson does not challenge these findings on appeal and, thus, fails to show that the magistrate judge erred in dismissing his claim. See id.

Based on the foregoing, the district court's judgment is AFFIRMED.