IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40747
Conference Calendar

_____

ODELL BURGESS, SR.,

                                        Plaintiff-Appellant,

versus

RONALD DAVIS, DR.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-118
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Odell Burgess, Sr., Texas prisoner # 579316, appeals the
28 U.S.C. § 1915(e)(2)(B) dismissal as frivolous of his 42 U.S.C.
§ 1983 lawsuit alleging an Eighth Amendment violation.  Burgess
complained that a prison physician, Dr. Davis, was deliberately
indifferent to his medical needs by providing inadequate medical
care and, specifically, by failing to examine him personally for
more than 48 hours after he suffered an injury.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The essence of Burgess' complaint is not that he was denied medical care but that he could have received better care. His disagreement with the treatment he received does not state a cause of action under § 1983. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). At most, his complaint is one of negligence or medical malpractice, which does not rise to the level of a constitutional violation. Id. Moreover, because Burgess has not specified any substantial injury he suffered which is attributable to the delay in physical examination, his claim fails. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Burgess now alleges, for the first time, that his step 2 grievance has resulted in disciplinary action against Dr. Davis, which he asserts buttresses his claim of deliberate indifference. Although he presented his step 2 grievance to the district court, he made no argument concerning his success at the administrative level. This court will therefore not consider the argument. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997). Furthermore, whether Dr. Davis failed to comply with prison procedures when treating Burgess does not mean that his treatment rose to the level of a constitutional violation.

The district court's judgment is AFFIRMED.