United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

**04-60542
Summary Calendar**

_____

**SAMMIE LEE SANDERS,**

**Plaintiff-Apellant,**

**versus**

**SONYA SPILLERS,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi
(5:02-CV-119-BN)**

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sammie Lee Sanders, Mississippi prisoner #44506, appeals the summary judgment granted Sonya Spillers, a nurse, against Sanders' 42 U.S.C. § 1983 action. (Sanders' motions for appointment of counsel and to file an out-of-time reply brief are **DENIED**.)

We review summary judgment de novo, "examining the evidence in the light most favorable to [Sanders], the nonmovant". *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). Sanders maintains: he received no care for an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident on 17 November 2001; and the failure by Spillers and the medical staff to evaluate and treat him constituted deliberate indifference to his serious medical needs. Sanders contends his submission of sick call requests is irrelevant to the state of his health, and that his condition 17 days later was not determinative of whether he suffered any permanent physical damage.

Sanders complained about his back and breathing on 17 November 2001. Medical personnel made rounds every day from 17 November to 4 December, when Sanders was taken to the medical unit; however, the log indicated nothing abnormal. On 4 December, a prison doctor diagnosed a muscle spasm and prescribed ibuprofen and Flexeril. Sanders' vital signs, breathing, and pulmonary health all appeared normal. A second doctor found nothing wrong with Sanders. Sanders did not indicate the significance of whatever was found by later x-rays, nor did he place into the record any documents reflecting the x-rays into the record. The evidence demonstrated no substantial harm resulted because Sanders was not treated by medical personnel between 17 November and 4 December. Summary judgment was appropriate. *See **Mendoza v. Lynaugh***, 989 F.2d 191, 195 (5th Cir. 1993).

**AFFIRMED**

2