United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10276
Summary Calendar
_____

DANIEL IFY IWEGBU,

                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; T. TAPIA; J. CLINTON; G. ROFFERS;
WILLIAM D. SAGE; DEBBIE MAYES; MARY WHITLEY; LORNA JUAN;
T. HATCHER; JOAN HORMAN; C. NEW; JOHN ASHCROFT,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-226-BG
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Daniel Ify Iwegbu appeals the dismissal with prejudice of

his civil-rights action under Bivens v. Six Unknown Named Agents,

403 U.S. 388 (1971), as frivolous and the dismissal of his

Federal Torts Claim Act ("FTCA") claim for failure to state a

claim for which relief can be granted.  Iwegbu argues that the

defendants were deliberately indifferent to his serious medical

needs by unreasonably delaying his back surgery and by

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transporting him by bus, knowing that he was in extreme agony from his back condition.

Iwegbu's surgery was not delayed but was performed as scheduled. Therefore, Iwegbu's Bivens claim for deliberate indifference based on a delay of medical treatment is frivolous. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Iwegbu argues that there was a one-year delay from the time his pain began until his surgery was scheduled but he did not raise a claim about the one-year delay in the district court. This argument will not be considered for the first time on appeal. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

With regard to Iwegbu's arguments that being transferred by bus caused him pain, the record reveals that prison officials had checked with Iwegbu's spine surgeon and been told that Iwegbu could be transported. Consequently, prison officials neither knew of a substantial risk of serious harm to Iwegbu nor ignored such a risk, and this claim is frivolous. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Iwegbu next argues that his retaliation claim is valid even though he ultimately received surgery and that the district court should not have relied on a prison memorandum indicating that Iwegbu's spine surgeon had approved the transfer. The record shows that Iwegbu received his surgery as scheduled despite his having been transferred and that the decision was made to

transfer him because of his disciplinary infractions. His conclusory arguments that the defendants intended to deny him surgery but were thwarted by other prison officials who returned him to the Federal Correctional Institution at Big Spring, Texas, and that the prison memorandum reflecting his spine surgeon's approval of moving him was incredulous fail. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997).

Iwegbu argues that the district court misapprehended the nature of his FTCA claim, which involved the negligence of prison officials in placing him in a position of great pain in traveling. Even assuming that Iwegbu did suffer injury as a result of being transferred, it was not foreseeable because prison officials checked with the spine surgeon prior to transferring Iwegbu; thus, Iwegbu failed to state a FTCA claim. See Skipper v. United States, 1 F.3d 349, 352 (5th Cir. 1993).

Iwegbu's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); therefore, it is DISMISSED. See 5TH CIR. R. 42.2. The district court's dismissal of Iwegbu's complaint as frivolous, and the dismissal of his appeal as frivolous by this court, each count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, Iwegbu has at least one other strike. See United States v. $69,530.00 in U.S. Currency, No. 98-50837 (Dec. 13, 2000) (unpub'd). Consequently, Iwegbu is BARRED from proceeding in forma pauperis

in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); see Adepegba, 103 F.3d at 385.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) bar imposed.