IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40264
Summary Calendar

———

WILLIAM HENRY BROWN,

Plaintiff-Appellant,

v.

JOE SIMMONS, Maintenance Supervisor IV;
WARDEN GARY JOHNSON; BRENDA CHANNEY, Warden;
OFFICE OF THE ATTORNEY GENERAL,

Defendants-Appellees.

———

Appeal from the United States District Court
for the Southern District of Texas
No. 6:03-CV-122

———

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    William Brown, Texas prisoner # 1188215, filed this 42 U.S.C. § 1983 suit

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for alleged acts of deliberate indifference to his safety and medical needs. He appeals a summary judgment for Joe Simmons and the dismissal of the suit. Brown argues that the district court erred by determining that his claims concerning deliberate indifference to his needs for a safe working environment and medical treatment lack merit. He also moves for appointment of counsel.

Our review of the record reveals no error in connection with the summary judgment. See Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998); FED. R. CIV. P. 56(c). The record does not show that Simmons was deliberately indifferent to Brown's need for safe working conditions. See Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002). That is, Brown did not establish that Simmons was aware that his actions could pose an excessive risk to Brown's safety. See id. Brown likewise did not establish that Simmons acted with "the subjective intent to cause [Brown] harm." See Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (en banc) (internal quotation marks and citation omitted). Brown thus failed to carry his burden of setting forth specific facts showing the existence of a genuine issue for trial in relation to his claim concerning safe working conditions. See rule 56(e).

Brown has likewise failed to carry his burden with respect to the claim that Simmons acted with deliberate indifference to Brown's need for medical treatment. Brown established only that he experienced a short delay in obtaining treatment for his burns. He did not show that he suffered any substantial harm as a result of the delay or that Simmons acted with deliberate indifference when procuring treatment for him. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). As with his claim concerning safe working conditions, Brown has failed to establish specific facts showing the existence of a genuine issue for trial. See rule 56(e).

Brown has shown no error in connection with the judgment, which is AFFIRMED. All outstanding motions are DENIED.