IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20451
Summary Calendar

GEORGE V FULLER

Plaintiff-Appellant

V.

HARRIS COUNTY

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-633

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

George V. Fuller injured his right knee while incarcerated at the Harris County Jail. He underwent surgery to repair his knee and developed a post-surgical infection—fulminant necrotizing fasciitis—that his surgeon described as "very rare." He was treated with antibiotics at the jail infirmary. This treatment was unsuccessful, and Fuller was taken to the hospital where he underwent irrigation and debridement procedures. Unfortunately, the infection had progressed to the point that Fuller's life was threatened, and his right leg

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was amputated below the knee. Fuller sued Harris County under 42 U.S.C. § 1983, alleging that his medical care violated the Eighth Amendment. The district court granted summary judgment in favor of Harris County. Fuller appeals the district court's decision.

This court reviews de novo the district court's grant of summary judgment. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is appropriate if the pleadings, discovery materials, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

In the context of medical care, prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). The deliberate indifference standard is high; the plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). A delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

The record shows that there is no genuine issue of material fact as to whether jail personnel demonstrated deliberate indifference to Fuller's medical needs. Fuller first contends that his surgery, which took place on August 19, 2003, was scheduled for July 31, 2003. Even accepting Fuller's assertion regarding the surgery date as true, the record contains no evidence that the delay was the result of deliberate indifference or that the delay caused Fuller substantial harm.

With respect to the delay in treating his post-surgical infection, Fuller has similarly failed to demonstrate deliberate indifference.  Fuller contends that he was supposed to have a surgical follow-up examination at the hospital by September 3 but was not taken there until September 8, and that this delay led to the spread of his infection and the amputation of his leg.  However, the record contains no evidence that any jail personnel refused to treat Fuller, ignored his complaints, deliberately provided improper treatment, or otherwise exhibited a wanton disregard for his medical needs.  To the contrary, medical records show that Fuller was seen numerous times in the jail's infirmary following his surgery, and that his post-surgical infection was both noted and treated with antibiotics.

Although the amputation of Fuller's leg is tragic, the record establishes that there is no genuine issue of material fact as to whether jail personnel demonstrated deliberate indifference to his medical needs.  Accordingly, the district court's judgment is AFFIRMED, and Fuller's motion for appointment of counsel is DENIED as moot.