# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60310
Summary Calendar

KEVIN RUSSELL,

Plaintiff–Appellant,

v.

KEITH IVANS, State Medical Director, in his individual and official capacities;
CORRECTIONAL MEDICAL SERVICES,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-144

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kevin Russell, Mississippi prisoner # K3887, filed the instant 42 U.S.C.
§ 1983 suit to seek redress for alleged acts of deliberate indifference to his
medical needs while incarcerated at the Mississippi State Penitentiary in
Parchman, Mississippi. Russell appeals the district court's grant of summary
judgment in favor of the defendants. He has also filed a motion requesting that
additional medical records be disclosed for purposes of the appellate record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Russell argues that he received inadequate and inappropriate medical care that caused him to suffer substantial harm. He specifically asserts that the defendants failed to approve total elbow replacement surgery to treat his injured left elbow, and that he was denied the opportunity to consult orthopedic specialists for nearly four years. Russell also contends that the defendants did not provide him with timely medical treatment; failed to comply with follow up consultation requests; and disregarded recommendations from medical staff about the most efficacious methods to treat his injury.

The defendants assert that we lack jurisdiction over this matter because Russell failed to file a proper notice of appeal. Although we previously dismissed Russell's timely notice of appeal for want of prosecution, he subsequently cured the defect that resulted in dismissal. Accordingly, we granted Russell's motion to reinstate his appeal. The defendants have not shown that the court's reinstatement decision was improper. See 5TH CIR. IOP to FED. R. APP. P. 27; 5TH CIR. R. 27.1.6.

Our review of the record reveals no error in connection with the district court's grant of summary judgment in favor the defendants. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003); FED. R. CIV. P. 56(c). The record evidence does not show that the defendants acted with deliberate indifference with respect to Russell's elbow injury. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). The extensive medical records demonstrate that Russell's complaints were not ignored, he was regularly seen by members of the medical staff and orthopedic specialists, and he received treatment for his complaints in each instance. See Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Russell furthermore has failed to show that any members of the medical staff actually recommended total elbow replacement surgery, or that the denial of his orthopedic consultation requests was more than a matter of medical judgment. See Estelle v. Gamble, 429 U.S. 97, 107 (1976).

Therefore, Russell's allegations are merely disagreements with the type of care that he was provided; Russell cannot state a § 1983 cause of action on this basis. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). To the extent that Russell references or requests the opportunity to introduce evidence that was not considered by the district court, we are not permitted to consider that evidence on appellate review. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Thus, Russell has failed to show any error in connection with the district court's judgment. Accordingly, that judgment is AFFIRMED. His motion for the disclosure of additional medical records is DENIED.