# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 10-30176
Summary Calendar

Lyle W. Cayce
Clerk

FRANK CHARLES SMITH, JR.,

Plaintiff-Appellant

v.

R.G. HARRIS, D.D.S.; LARRY CALDWELL, M.D.; MANZOOR SHAH, M.D.;
STEPHANIE SLAUGHTER, R.N.; UNKNOWN THOMAS, R.N.,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-10

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frank Charles Smith, Louisiana prisoner # 120201, moves to proceed in forma pauperis (IFP) on appeal following the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) that his appeal is taken in bad faith.

In his 42 U.S.C. § 1983 complaint, Smith claimed that the defendants acted with deliberate indifference by delaying extraction of two infected teeth and by failing to prescribe him pain medication. He argues here that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court failed to set forth reasons for its denial of IFP status and that it improperly granted the defendants' motion for summary judgment because there existed a material factual dispute, regarding whether he was receiving pain medication during his complaints of dental pain, that precluded summary judgment.

This court reviews the grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c)(2)

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 839-41 (1994). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligence and medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

While we do not agree that the claim is frivolous, we are persuaded that the district court did not err in granting defendants' motion for summary judgment. *See* Rule 56(c)(2). Given that there is no dispute that Smith's medical

No. 10-30176

records reveal that he had been prescribed pain medication for other ailments while he also sought dental treatment, Smith has established that at most Drs. Harris and Shah were negligent in failing also to prescribe him pain medication, which does not give rise to a deliberate indifference claim. *See Mendoza*, 989 F.2d at 195. Because Nurse Slaughter could not write prescriptions, Smith has likewise failed to show that she acted with deliberate indifference by failing to prescribe him pain medication. *See id*. Smith also has not shown that the delay in extracting his teeth was due to deliberate indifference by the defendants. *See id*.

We therefore GRANT Smith's motion to proceed IFP on appeal and AFFIRM the judgment in favor of all defendants.