# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2017

Lyle W. Cayce
Clerk

JOHN POULLARD,

Plaintiff-Appellant

v.

PAUL TOCE,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-94

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Poullard, Louisiana prisoner # 98999, filed a pro se 42 U.S.C. § 1983 suit against Paul Toce, a physician at Angola. Poullard alleged that Toce violated the Eighth Amendment because he was deliberately indifferent to Poullard's serious medical needs in prescribing Tegretol for pain associated with Bell's Palsy without monitoring Poullard for liver or bone marrow

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30033

problems. The district court granted summary judgment in favor of Toce based on his qualified immunity.

We review a grant of summary judgment de novo and consider it proper when a movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003); FED. R. CIV. P. 56(a). We construe all facts and inferences in the light most favorable to the nonmoving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, Poullard has the burden of rebutting Toce's qualified immunity defense. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To do so, he must show that Toce violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (internal quotation marks and citation omitted).

The Eighth Amendment proscribes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To substantiate his claim, Poullard had to show that Toce "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Toce saw Poullard on five occasions, referred him to other specialists, and adjusted Poullard's medication for his pain. Moreover, Poullard has not pointed to evidence that he actually suffered liver or bone marrow damage.

At most, Poullard has shown that he disagreed with the medical treatment provided by Toce, which does not rise to a constitutional violation. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Thus, as a matter of law, Toce was

2

No. 16-30033

not deliberately indifferent in his treatment of Poullard's pain.  *See Brauner v. Coody*, 793 F. 3d 493, 499 (5th Cir. 2015); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

AFFIRMED.