**Revised August 22, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2017

Lyle W. Cayce
Clerk

DONALD KEITH SMITH,

Plaintiff-Appellant

v.

RONALD WOODALL; MICHAEL HATTEN; JOSEPH KEYES; WEXFORD
HEALTH,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CV-294

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald Keith Smith, Mississippi prisoner # 150025, appeals the district
court's judgment dismissing his 42 U.S.C. § 1983 complaint against Dr. Ronald
Woodall (Dr. Woodall), Health Service Administrator Michael Hatten (Hatten),
Nurse Practitioner Joseph Keyes (Keyes), and Wexford Health Sources, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60080

(Wexford).  Smith alleged that Keyes, Wexford, and Hatten violated his Eighth Amendment rights by denying him prompt and adequate medical care for the broken arm he sustained while incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi.  He also alleged that Wexford, by and through Dr. Woodall, violated his due process rights by authorizing the withdrawal of $6 from his inmate account for an emergency sick call request.  The district court granted the defendants' motions for summary judgment and dismissed Smith's claims with prejudice.  We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

The competent summary judgment evidence refutes Smith's contention that Keyes and Wexford ignored his complaints, intentionally treated him incorrectly, and left him with a broken arm dangling by his side for 27 days. *See Gobert v. Caldwell*, 463 F.3d 339, 346 n.24 (5th Cir. 2006) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").  Smith's disagreement with the type or timing of medical services is insufficient to demonstrate deliberate indifference.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Further, he cannot show that he was substantially harmed as a result of the delay between his injury and the x-ray diagnosis.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Because the summary judgment evidence does not support a claim that Keyes, Wexford, or any other medical care provider was deliberately indifferent to Smith's serious medical needs, there was also no basis for liability against Hatten.  Therefore, Smith has failed to show that the district court erred in granting the defendants' motions for summary judgment on the Eighth Amendment claim.

No. 16-60080

Smith does not challenge the district court's determination that he failed to state a due process claim against Dr. Woodall and Wexford.  This issue is therefore abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  To the extent Smith argues that he was seeking the reimbursement of his $6 pursuant to state law, his argument is belied by the record.  Because Smith did not raise a state law claim in the district court, we will not consider the claim on appeal.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Accordingly, the district court's judgment is AFFIRMED.