United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10663
Summary Calendar
_____

JAMES BYERS ESTES, JR.,

Plaintiff-Appellant,

versus

BOWERS, Doctor; MARY BOYD, Nurse;
FLANNEGAN, Doctor; DALLAS COUNTY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1203-BD
--------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Byers Estes, Jr., Texas prisoner # 1003415, appeals
the district court's judgment granting the individual defendants'
motion for summary judgment on the basis of qualified immunity,
and dismissing his 42 U.S.C. § 1983 claim. He does not challenge
the court's <u>sua</u> <u>sponte</u> dismissal as frivolous of his claims
against Dallas County.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Estes argues that the district court erred in granting the defendants' motion for summary judgment because they were deliberately indifferent to his serious medical needs, as evidenced by the delay in treating a rib fracture he received while housed at the Dallas County Jail.  He also argues that the defendants provided inadequate medical care.

Estes has not shown that he suffered "substantial harm" as a result of the minor delays he experienced before obtaining medical treatment.  See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Accordingly, he has not shown a violation of his constitutional rights.  See Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Estes's claims concerning the quality of the treatment he received are not cognizable under 42 U.S.C. § 1983. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Estes raises claims for mental duress and medical malpractice for the first time on appeal.  This court will not consider claims raised for the first time on appeal.  See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.