**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**November 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60874
Summary Calendar

_____

LONNIE DONNELLY,

                                        Plaintiff-Appellant,

versus

JAMIE DARBY, Commander; JAMIE CLARK;
SCOTT FITCH; DOUG SPROAT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-402-BN
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

   Lonnie Donnelly, Mississippi prisoner # K1304, appeals the

magistrate judge's dismissal as frivolous and for failure to

state a claim of his 42 U.S.C. § 1983 complaint against

defendants Jamie Darby and Jamie Clark.  Donnelly had previously

voluntarily dismissed his claims against defendants Scott Fitch

and Doug Sproat.  Donnelly asserts that Darby and Clark used

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

excessive force against him by spraying mace in his face and denied him medical care after the spraying.

Donnelly has not established that the delay he suffered in receiving medical care was due to deliberate indifference or that he suffered substantial harm as a result of the delay. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). The magistrate judge's dismissal of the claims is therefore AFFIRMED.

With respect to the excessive-force claims, the magistrate judge erred in concluding that Donnelly engaged in a verbal confrontation with Clark or Darby that would have excused the spraying of mace. See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002). However, this error is harmless. As Donnelly admits that he received a disciplinary conviction arising from the same action of which he complains now, his claims are barred. See Edwards v. Balisok, 520 U.S. 641, 648-49 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994); Hainze v. Richards, 207 F.3d 795, 798-99 (5th Cir. 2000). Therefore, the claim was frivolous and could be dismissed. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), Accordingly, the judgment of the magistrate judge is AFFIRMED.

Donnelly has moved for appointment of counsel. This motion is DENIED.