United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11132
Conference Calendar

_____

DARRYL D. FERGUSON,

Plaintiff-Appellant,

versus

DR. ARCE, Correctional Corp. of America;
NFN TAYLOR, RN, Correctional Corp. of America -
Medical Supervisor; MICHAEL PHILLIPS, Warden,
Correctional Corp. of America,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1168-A
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darryl D. Ferguson (Ferguson), Texas prisoner # 1066554, appeals the dismissal of his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. Ferguson contends that the defendants denied him adequate medical care for his hepatitis C in violation of the Eighth Amendment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in dismissing Ferguson's 42 U.S.C § 1983 action because Ferguson alleged no facts that would show that the defendants were deliberately indifferent to serious medical needs. *See* Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Documents Ferguson submitted with his complaint show that his hepatitis C has been monitored and treated based on his health status. The fact that Ferguson does not agree with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See* Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

For the first time on appeal, Ferguson argues the following: (1) Correctional Corp. of America (CCA) is using preferential treatment in treating inmates for hepatitis C, (2) CCA has retaliated against him for filing grievances and a civil suit, and (3) the Texas Department of Criminal Justice is denying him treatment for his hepatitis C. Because these issues are not purely legal, they may not be raised for the first time on appeal. *See* Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Based on the foregoing, the judgment of the district court is AFFIRMED. Ferguson's request for appointment of counsel is DENIED. The district court's dismissal of Ferguson's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See* Adepegba v. Hammons, 103 F.3d 383, 387-388 (5th Cir. 1996). Ferguson is WARNED that if he accumulates

three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.