United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51260
Summary Calendar

CLENTIS L. TURNER,

Plaintiff-Appellant,

versus

STATE OF TEXAS BOARD OF PARDONS;
GERALD GARRETT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CV-11
--------------------

Before JOLLY, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Clentis L. Turner, Texas prisoner #498120, has filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. By moving for IFP status, Turner is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

As Turner has not identified a nonfrivolous issue for appeal, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Turner therefore has two "strikes" under 28 U.S.C. § 1915(g), including the one imposed by the district court.  Turner is warned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED.