United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51242
Summary Calendar
_____

CLENTIS L. TURNER,

Plaintiff-Appellant,

versus

RAUL ANGUIANO; RAUL CAHILL; PAUL WEATHERBY,
Captain; ENRIQUE DEANDA; LAURA HILLEMEYER;
A. DOMINGUEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CV-2
--------------------

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Clentis L. Turner, Texas prisoner #498120, appeals the

district court's denial of his motion to proceed *in forma*

*pauperis* (IFP) and certification that his appeal would not be

taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th

Cir. 1997). Turner argues that the district court

mischaracterized his 42 U.S.C. § 1983 complaint as challenging

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his disciplinary hearing and that he alleged facts sufficient to support his claims of deliberate indifference and verbal abuse by prison employees. Turner has abandoned any argument he had concerning his disciplinary proceeding. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court dismissed Turner's Eighth Amendment claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e). Turner has failed to raise a nonfrivolous issue for appeal with respect to the dismissal of his deliberate indifference and verbal abuse claims. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

Turner's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). In Turner v. State of Texas Board of Pardons, No. 03-51260, Turner was notified that he had accumulated two strikes. Turner has therefore accumulated four strikes, and he is barred from proceeding IFP in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS IMPOSED.