United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41094
Summary Calendar

---

JEFFERY S. RANDALL,

                              Plaintiff-Appellant,

versus

ROBERT L. BEHRNS, Individually and In His Official capacity as
Medial Director and Physician for UTMB; MARK RICHARDS,
Individually and In His Official Capacity as Physician's
Assistant for UTMB; UP MORRES, Individually and In Her
Official Capacity as Gastroenterologist for UTMB; UP LAU,
Individually and In Her Official Capacity as
Gastroenterologist for UTMB; OWEN J. MURRAY, Individually and
In His Official Capacity as Associate Medical Director for
UTMB; JEAN STATUM, Individually and In His Official Capacity
as Investigator for the Patient Liaison Program at Texas
Department of Criminal Justice Institutional Division;
MICHAEL KELLEY, Individually and In His Official Capacity as
Director of Preventive Medicine for Texas Department of
Criminal Justice - Institutional Division; ROCHELLE
MCKINNEY, Individually and In Her Official Capacity as Chief
of Professional Standards at Texas Department of Criminal
Justice - Health Services Division; LANNETTE LINTHICUM,

                              Defendants-Appellees.

---
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-569-MAC-ESH
---

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jeffery S. Randall, Texas prisoner #798548, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B). Randall does not contest the district court's findings that the defendants evaluated his infection with the hepatitis B virus and his medical records, that his liver was biopsied to determine the severity of damage caused by the virus, and that he was seen by specialists. He has therefore failed to show that the defendants knew of and disregarded an excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Randall's allegations that he should have been examined sooner and that he should be receiving treatment allege mere negligence and disagreement with the decision not to treat his disease at this time. Such allegations are insufficient to establish an unconstitutional denial of medical care. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, as Randall has not shown that the alleged delay resulted in substantial harm, he has not shown an Eighth Amendment violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Randall has failed to demonstrate deliberate indifference to his serious medical needs constituting an "unnecessary and wanton infliction of pain." See Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation and citation omitted). His complaint therefore lacks an arguable basis in law. See Siglar v.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The district court did not abuse its discretion in dismissing his complaint as frivolous. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B)(i).

AFFIRMED.