United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20131
Summary Calendar

_____

EDWARD TRIGO,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL
DIVISION OFFICIALS, unnamed defendants; UNIVERSITY OF TEXAS
MEDICAL BRANCH; TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER,
Medical Staff, Unnamed Defendants; MR. JONES, Physician
Assistant UTMB/TDCJ-RMF; JOSEPH CURRY, Physician Assistant
UTMB/TDCJ-RMF; DR. WYATT HOWELL, Price Daniels Unit; DR. DENISE
DESHIELDS, Regional Director Office of Health Care Systems,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2012
---------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Edward Trigo, Texas prisoner # 1173465, appeals the district
court's dismissal of his 42 U.S.C. § 1983 action challenging the
denial of treatment for hepatitis C. The district court
dismissed Trigo's complaint as frivolous pursuant to 28 U.S.C.
§ 1915A. Trigo argues that the district court erred in
dismissing his complaint as frivolous because the appellees

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exhibited deliberate indifference to his serious medical needs. He asserts that the extremely high levels of his liver enzymes, as shown by laboratory reports, established that the appellees should have known that the delay or denial of treatment would cause serious harm to his liver. Trigo focuses on appeal on two occasions when he was denied treatment for allegedly nonmedical reasons. First, he contends that he was denied treatment for hepatitis C in August 2003 based on a policy requiring that inmates be incarcerated for 12 months before they received treatment. Second, he asserts that he was denied treatment in May 2004 based on a policy that treatment would be provided only if the inmate was not due to be discharged within 12 months. Trigo contends that he did not receive any medication for hepatitis C and that the failure to treat this condition resulted in his developing cirrhosis of the liver.

We review de novo the district court's dismissal pursuant to § 1915A. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). "[D]elay

in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993).

Trigo has asserted the denial of medical treatment for hepatitis C based on policy, rather than on medical, reasons and that he was substantially harmed by the denial of treatment because this led to his developing cirrhosis. Given these allegations, the district court erred in dismissing Trigo's complaint as frivolous. <u>See</u> <u>Wilson</u>, 501 U.S. at 301-03; <u>see also</u>, <u>McKenna v. Wright</u>, 386 F.3d 432, 437 (2d Cir. 2004). Accordingly, we vacate the district court's judgment and remand for further consideration in light of this decision.

VACATED AND REMANDED.