# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10020
Summary Calendar

EMILIO CHAVEZ, JR.

Plaintiff-Appellant

v.

UNIVERSITY MEDICAL CENTER; LUBBOCK COUNTY; LUBBOCK COUNTY DETENTION CENTER; CITY OF LUBBOCK; CINDY G. HILL; JOHN DOE, Contract Doctor to Lubbock County Jail; DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DAVID GUTIERREZ, Sheriff Lubbock County; R VOGELESAN, Warden, Dalhart Unit

Defendant-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-157

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Emilio Chavez, Jr., Texas prisoner # 1369270, is appealing the magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Chavez argues that his criminal conviction was the result of the denial of due process and the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective assistance of counsel and that he is entitled to damages for the loss of liberty and property.

Chavez acknowledged during the Spears[1] hearing that his conviction has not been set aside or otherwise invalidated. Because Chavez's conviction has not been declared invalid by a state tribunal, called into question by a federal habeas court, or otherwise invalidated, Chavez cannot seek damages pursuant to § 1983. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, the magistrate judge did not abuse its discretion in dismissing this claim as frivolous.

Chavez argues that the Lubbock County officials and medical personnel acted with deliberate indifference to his medical needs by failing to provide him with chemotherapy treatments, denying him pain medications, and delaying his treatment when he suffered a heart attack.

Chavez's authenticated medical records rebut his assertions that the defendants acted with deliberate indifference to his medical condition. The records reflect that he was examined by doctors on several occasions and was prescribed and dispensed numerous medications while he was incarcerated in the Lubbock Jail. The records do not support his assertion that he was denied prescribed chemotherapy or that he suffered any objective symptoms or pain as a result of lung cancer. Nor do the records reflect that there was a delay in medical treatment that resulted in substantial harm to Chavez. Chavez has not shown that the magistrate judge abused her discretion in dismissing his complaint as frivolous. Farmer v. Brennan, 511 U.S. 825, 839-41 (1994); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Because Chavez has not raised an issue of arguable merit, the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Chavez's action as frivolous and the dismissal of this appeal as frivolous each count as a strike for

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Chavez that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.