IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-30498
Summary Calendar

JOHN POULLARD

Plaintiff-Appellant

v.

PAM HEARN

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CV-1019

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Poullard, Louisiana inmate # 98999, appeals the summary judgment in Pam Hearn's favor in his civil rights suit filed under 42 U.S.C. § 1983. Poullard alleged that Dr. Hearn was deliberately indifferent to his serious medical needs because she refused to examine or treat him for a urethra diverticulum and because she delayed medical care.

This court reviews the grant of a motion for summary judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (as amended Dec. 1, 2007). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075.

Hearn's summary judgment evidence establishes that Poullard was tested extensively for his complaints of a urethra diverticulum and that the results indicated that he suffered from chronic prostatitis. Even if, for the sake of argument, Hearn was incorrect in her assessment of the tests results, such error amounts only to negligence. Unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Hearn's summary judgment evidence also established that she did not send Poullard outside the prison for treatment beginning in March 2005 because of his combative behavior and his December 2004 assault on a nurse; that she did not medicate Poullard on August 9, 2005, because she wanted to obtain a clean specimen for testing purposes; that she prescribed antibiotics and pain medicine on August 11, 2005; and that by August 12, 2005, Poullard had a normal temperature and could eat breakfast and shower. Hearn's evidence establishes that she did not ignore Poullard's complaints and that any delay in

treatment that he experienced did not result in substantial harm.  See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  Because Poullard pointed to nothing that created a genuine issue of material fact on these points, the district court correctly granted summary judgment for Hearn.  See Little, 37 F.3d at 1075.

AFFIRMED.