# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2011

No. 10-30444
Summary Calendar

Lyle W. Cayce
Clerk

JASEN DUNNELL GINS, also known as Jasen Dunnell Gins,

Plaintiff-Appellant

v.

DEPUTY WARDEN PAITETTE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-110

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:*

Jasen Dunnell Gins, Louisiana prisoner # 469895, sued several prison officials under 42 U.S.C. § 1983 asserting that a delay in his medical treatment for an ankle injury violated the Eighth Amendment. The district court dismissed his claims against most of the defendants as frivolous, leaving only his claim against the deputy warden of his prison. Both the deputy warden and Gins moved for summary judgment. The district court granted summary judgment in favor of the defendant and denied Gins's motion. The court also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Gins's motion for leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith. Gins seeks this court's leave to proceed IFP.

Gins fails to make any coherent argument in support of his IFP motion. A de novo review of the record reveals that the defendant directed that Gins wait overnight to be transported to a hospital for treatment of his ankle injury despite a nurse's initial recommendation that he be taken to the hospital that night. The delay was caused by the need to transport another prisoner to the emergency room whose "radial and Brachial pulses were not palpable" due to a suspected spider bite that had swollen his arm from wrist to elbow. The nurse spoke to the defendant at length about the need for Gins to go to the hospital that night because the nurse was concerned that he was suffering from Compartment Syndrome or Deep Vein Thrombosis. Though the nurse voiced concern about the urgency of the situation, she was reassured by the defendant's promise that Gins would be transported to the hospital the following morning and decided that transportation to the hospital the next day was acceptable treatment for Gins's medical condition.

The following day, Gins was transported to the hospital in stable condition in the prison's van. Following x-rays, he was diagnosed with a sprained ankle and discharged. He returned to the prison the same day in stable condition. After reviewing Gins's medical records, the prison's physician stated in an affidavit that treatment a day earlier "would not have shown any different medical outcome." An MRI taken several weeks later indicated that Gins had a "very subtle stress fracture" to one of the bones in his ankle. The test showed that "some minimal joint fluid [was] present," but "no other abnormality [was] noted."

In light of the foregoing, the record evidence creates no genuine issue of material fact as to whether (1) the defendant was deliberately indifferent to a serious medical need of Gins's or (2) substantial harm resulted from the delay

in treatment. Accordingly, the defendant was entitled to judgment as a matter of law. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); FED. R. CIV. P. 56(c)(2). Gins fails to demonstrate that he will raise a nonfrivolous issue; therefore, the motion to proceed IFP is DENIED. *See Howard v. King*, 707 F.2d 215, 220. (5th Cir. 1983). The appeal is DISMISSED because it lacks arguable merit and is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. The dismissal of this appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Gins is WARNED that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).