**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2011

Lyle W. Cayce
Clerk

No. 10-60960
Summary Calendar

DELMAR EARL SHELBY,

Plaintiff-Appellant

v.

Captain NINA ENLERS; Sergeant QUINTON WILLIAMS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-221

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Delmar Shelby, Mississippi prisoner # 13089, proceeding pro se, moves for leave to appeal in forma pauperis (IFP) following the district court's denial of his IFP motion and certification that his appeal is not taken in good faith. Shelby seeks to appeal the grant of summary judgment in favor of the defendants and the dismissal with prejudice of his 42 U.S.C. § 1983 suit, alleging that Captain Enlers used excessive force when she slapped him on his ears causing pain and diminished hearing, that Sergeant Williams failed to protect him because he did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not intervene to stop her, and that both were deliberately indifferent to his medical needs by failing to allow him to see a doctor, all in violation of the Eighth Amendment. We construe Shelby's motion to proceed IFP and his appellate brief as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). We ask only whether the appeal involves meritorious legal issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Where the merits are intertwined with the IFP decision, we may reach the merits when deciding the IFP motion. *Baugh*, 117 F.3d at 202. We review de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

The primary focus of an excessive-use-of-force claim is the reason behind the use of force, namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). However, the force used and the injury generally must be more than de minimis, though even a de minimis use of force is actionable if it is "repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citation omitted); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). As the district court concluded, in light of Shelby's allegations and the medical evidence, any force that may have been used by Captain Enlers resulted in an injury which, even giving credence to Shelby's account of the original altercation, is not sufficient to give rise to a claim of a constitutional violation.

If the events in question do not give rise to a claim against Enlers, then the claim against Sergeant Williams for "failure to protect" also fails. Further, although Shelby alleges that Sergeant Williams saw the incident, nothing in the record establishes that Sergeant Williams could have prevented the incident or even knew of Captain Enlers's alleged intentions. Accordingly, Shelby cannot establish that Sergeant Williams knew of a "substantial risk of serious harm" to

Shelby or that Sergeant Williams disregarded the risk by "failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

As for the denial of medical treatment, Shelby's medical records show that he received medical care the day after the alleged assault and again a few days after that. A delay in treatment does not violate the Eighth Amendment unless there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). There is no evidence that any purported delay in treating Shelby resulted in any harm, substantial or otherwise.

Shelby cannot succeed on any claim of vicarious liability or respondeat superior because under § 1983, there is no liability under these theories. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Moreover, because there was no constitutional deprivation, there can be no supervisory liability. *See id.* at 304. Although Shelby argues that the defendants are not entitled to qualified immunity, we need not reach that issue because he cannot establish a constitutional violation. *See Wells v. Bonner*, 45 F.3d 90, 93-94 (5th Cir.1995).

Finally, along with his federal civil rights claims, Shelby raised state-law claims. The district court declined to exercise supplemental jurisdiction over these claims and dismissed the entire complaint with prejudice. Shelby's federal claims are without merit, and thus the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 395 (5th Cir. 1992). However, the court should have dismissed those claims without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Accordingly, Shelby's motion to proceed IFP is GRANTED; the judgment is MODIFIED to be without prejudice as to the state-law claims; and the judgment is AFFIRMED AS MODIFIED.