# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2013

No. 12-50227
Summary Calendar

Lyle W. Cayce
Clerk

PATRICK WAYNE BELL,

Plaintiff-Appellant

v.

PATRICIA O'BRIEN, Nurse Practitioner in her Individual and Official Capacity,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-742

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Patrick Wayne Bell, Texas prisoner # 1190375, appeals the district court's summary judgment for the defendant, Nurse Practitioner Patricia O'Brien, on grounds of qualified immunity. Bell does not challenge the determination of the magistrate judge (MJ), accepted by the district court, that O'Brien was immune from suit in her official capacity and could not be held liable under a theory of respondeat superior for the conduct of nurses under her supervision. Nor does he challenge the district court's dismissal of his claims against Nathaniel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quarterman, the director of the Texas Department of Criminal Justice, Institutional Division, and his successor, Rick Thaler. Bell's motion to hold ruling in this case pending a decision in another suit he filed is DENIED.

Bell asserts that rulings by the MJ show that the MJ was biased against him. These assertions do not establish that the MJ was biased or show that the MJ's partiality should otherwise be questioned. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Bell did not file objections to the MJ's report and recommendation to grant O'Brien's motion for summary judgment, even though the MJ advised Bell of the consequences of failing to do so. As a consequence, we review the factual findings and legal conclusions accepted by the district court for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Because O'Brien asserted qualified immunity, Bell bore the burden of rebutting that defense by establishing a genuine dispute as to whether O'Brien's conduct violated a constitutional right of Bell's and whether that right was clearly established at the time of the violation. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Bell contends that the district court should have considered the following issues of material fact that would have precluded summary judgment: (1) O'Brien delayed or denied him access to a hospital and to personnel capable of diagnosing and treating his condition and (2) O'Brien delayed or denied him access to appropriately qualified health care personnel. In support of his arguments, Bell cites deposition testimony of three nurses and attaches transcripts of the depositions to his appellate brief. Because the nurses' deposition testimony was not submitted to the district court and is not found in the record, we may not consider it. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). The MJ considered and rejected Bell's arguments that O'Brien delayed or denied him access to qualified health care personnel and delayed or denied his access to a hospital. Bell did not present any summary

judgment evidence, and the record contains none, showing that O'Brien was not "qualified healthcare personnel." He does not point to any evidence in the record that would establish that O'Brien deliberately delayed his access to treatment, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs," *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (internal quotation marks omitted). Accordingly, he has not shown that the district court erred, plainly or otherwise, in granting O'Brien's motion for summary judgment. *See Puckett*, 556 U.S. at 135.

For the first time, Bell contends in his appeal that the district court should have considered that O'Brien failed in her duty as a "gatekeeper" by delaying his access to a hospital and to qualified health care personnel capable of treating his condition. He also raises the following arguments for the first time on appeal: O'Brien did not carry out discharge orders for a follow-up doctor's visit or to give him a certain medicine for his lung infection; O'Brien ignored his EKG and heart condition, resulting in the need for a catheter to relieve pressure on his heart; although O'Brien averred that she believed her treatment of Bell was effective, she admitted that she was not a pulmonologist and does not diagnose or treat such conditions; O'Brien stated falsely that she did not refer Bell to rheumatology until December 4, 2008, because his sedimentation rate was up, when the medical records show that his sedimentation rate was up on November 21, 2008, and that he should have been referred to rheumatology or sent to the hospital sooner. Although Bell raised similar arguments in the district court, he did not raise these specific issues in his complaint, his questionnaire responses, or in his response to O'Brien's motion for summary judgment. Accordingly, we do not review these arguments. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED; MOTION DENIED.