# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51150

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2017

Lyle W. Cayce
Clerk

MICHELLE JEAN BROWN,

Plaintiff-Appellant

v.

DANIEL SCHMEDHORST, C/O Warden Vikki Wright; SERGEANT ALPHONSO STEVENS; LIEUTENANT DARRELL MANDIGO, C/O Warden Vikki Wright; LIEUTENANT GILBERT MARTINEZ, C/O Warden Vikki Wright; UNKNOWN FEMALE CORRECTIONAL OFFICER, C/O Warden Vikki Wright; OFFICE OF THE ATTORNEY GENERAL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-229

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Michelle Jean Brown, Texas prisoner # 01066458, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of her 42 U.S.C. § 1983 civil rights complaint. The district court denied Brown's motion to proceed IFP, certifying that the appeal was not taken in good faith.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51150

By moving in this court for leave to proceed IFP on appeal, Brown is challenging this certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In her brief, Brown does not address the dismissal of defendants Daniel Schmedhorst and unidentified female corrections officer; the dismissal of the official capacity monetary claims against defendants Alphonso Stevens, Gilbert Martinez, and Darrell Mandigo; or the district court's grounds for denying her motion to amend the complaint. Brown has therefore abandoned any challenge to the district court's certification decision on these grounds. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Brown's individual capacity claims against Stevens, Martinez, and Mandigo, accepted as true, show only that she experienced a delay in receiving treatment, not a denial of treatment, and that her condition was fully treated. A delay in medical treatment is not actionable unless the defendants were deliberately indifferent to a serious medical need and their indifference resulted in substantial harm. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). Brown's complaint does not cite facts which meet these requirements. *See id.* Her appeal lacks arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Brown's motion for permission to proceed IFP is DENIED. The dismissal of Brown's complaint and the dismissal of her appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Brown is WARNED that if she accumulates a third strike, she will not be allowed to proceed IFP in any civil action or appeal while incarcerated or detained in any

facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).