IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-40068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2017

Lyle W. Cayce
Clerk

LOUIS CHARLES HAMILTON, II,

Plaintiff - Appellant

v.

DONALD JOHN TRUMP, SR., 45th President,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-MC-16

Before DAVIS, PRADO, and COSTA, Circuit Judges.

PER CURIAM:*

Louis Hamilton, a pro se plaintiff proceeding *in forma pauperis*, appeals the district court's dismissal of his case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court may dismiss a suit by an IFP plaintiff as frivolous if it lacks an arguable basis in law or fact, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), and we review a dismissal of a claim as frivolous

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40068

under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1996).

After reviewing Hamilton's filings, we hold that the district court did not abuse its discretion in deeming Hamilton's case frivolous. Hamilton brings suit against Donald Trump, Sr. and others on behalf of a number of plaintiffs—some living, some dead—but we are unable to determine what remedy he seeks and under what legal authority he seeks it. Although we construe pro se pleadings liberally, a suit that is based on an "indisputably meritless" legal theory—or one that is founded in no theory at all—is frivolous and must be dismissed. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The judgment of the district court is thus AFFIRMED. Because Hamilton's other pending motions (including one to recuse two members of this Court apparently because of their race) are also frivolous, they are similarly DENIED.

We also warn Hamilton that, given his propensity for filing meritless claims, future frivolous filings will result in sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court.[1] *See Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993).

---

[1] This court has already dismissed one appeal by Hamilton as frivolous, *Hamilton v. Zanders*, 463 Fed. App'x 244 (5th Cir. 2012), and he has been barred from filing cases in the Southern District of Texas unless he obtains leave of court. *See Hamilton v. United States*, No. 4:16-CV-964 (S.D. Tex. Mar. 31, 2017).

2