# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31073
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2017

Lyle W. Cayce
Clerk

KEVIN J. MUTH,

Plaintiff-Appellant

v.

PAM HEARN; TAMMY POOLE; JOEL WILLIAMS; MICHELLE NORRIS; JAMES LEBLANC; JERRY GOODWIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-893

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin J. Muth, Louisiana prisoner # 631935, appeals the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. He also moves for document production. In his complaint, Muth alleged that the defendants acted with deliberate indifference to his serious medical needs. Specifically, he asserted that prison officials ignored medical issues, stemming

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from his diagnosed carpal tunnel syndrome and other medical conditions. He re-urges those challenges on appeal.

Muth's arguments are unavailing. Even if the assertions in his complaint are true, his contentions effectively amount to a disagreement with the treatment and care provided and do not amount to a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see Gobert v. Caldwell*, 463 F.3d 339, 346, 349 n.32 (5th Cir. 2006); *Mendoza v. Lynaugh*, 989 F.2d 191, 194-95 (5th Cir. 1993). To the extent that Muth is arguing, with the benefit of liberal construction, that prison officials sent him to administrative segregation in retaliation for his medical requests, his conclusional allegations do not show any retaliatory motive from prison officials or but-for causation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, the dismissal of Muth's § 1983 action is AFFIRMED. His motion for document production is DENIED AS MOOT.

Our affirmance and the district court's dismissal count as a single strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Muth is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).